UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARYANGEL ENRIQUEZ, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) MIDLAND CREDIT MANAGEMENT, ) INC., ) ) Defendant. ) | Civil Action No. 20-cv- |

## CLASS ACTION COMPLAINT

Plaintiff, MaryAngel Enriquez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff has suffered a harm from receiving false, misleading, and deceptive communications from Defendant while it was attempting to collect a debt from her.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, MaryAngel Enriquez ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Citibank, N.A. credit card account that was used to purchase goods and services for family and personal, and thus consumer, use.

7. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

8. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that does or transacts business in the State of Illinois. Its registered agent is Illinois Corporation Service C, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

9. MCM is engaged in the engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

10. MCM maintains and/or owns a website, www.midlandcredit.com.

11. MCM's website contains in part, the following statements:

## MCM has helped over 7 million consumers gain control of their financial obligations. See what offers we have for you.



**Trusted Since 1953**

Midland Credit Management has been empowering consumers for more than 65 years.



**7,000,000+**

We've helped more than 7,000,000 people regain their financial independence.



**Nationwide Support**

Our team helps consumers in all 50 states get back to doing what they love.

See Your Offers

3

Midland Credit Management, Inc., www.midlandcredit.com, Accessed on 13 Nov. 2020.

12. MCM's website also states:

**About Midland Credit Management**

**Midland Credit Management (MCM) connects with consumers every day to help resolve past-due debts. We specialize in servicing accounts that have fallen behind and have been charged off by the lender. When lenders close these accounts, they often sell them to companies like MCM.**

**If you've heard from us, your lender has probably charged off one of your accounts and sold it to us. MCM enjoys longstanding relationships with major financial institutions and retailers across the country.**

**MCM is a subsidiary of Encore Capital Group, which is a public company traded on the NASDAQ stock exchange as ECPG. For over 65 years, MCM has focused on driving breakthrough results for consumers and investors.**

**MCM helps consumers take control of their financial future. We understand that having debt is difficult. That's why we empower our consumers through flexible repayment options that fit their needs. With MCM, you can expect to be treated with fairness and respect as you take steps toward financial recovery.**

Midland Credit Management, Inc., www.midlandcredit.com/who-is-mcm/, Accessed on 13 Nov. 2020.

13. MCM is licensed as a collection agency in the State of Illinois.

14. MCM regularly collects or attempts to collect defaulted consumer debts on behalf of others, and is a "debt collector" as that term is defined in § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

15. According to Defendant, Plaintiff incurred an alleged debt for the purchase of goods and services, originally for a Citibank, N.A. personal account credit card account ("alleged debt").

16. The alleged debt arose from funds used for personal purposes, such as for groceries, and is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

4

17. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and the alleged debt went into default.

18. Midland Funding, LLC asserts to have purchased the alleged debt after default, and asserts to have placed it with MCM thereafter for the purpose of collection.

19. MCM, on behalf of Midland Funding, LLC, filed a lawsuit against Plaintiff on February 13, 2019 in the Circuit Court of Cook County, Illinois ("State Court Complaint"), styled *Midland Funding, LLC v. Mary Enriquez*, Case No. 19-M1-104657.

20. On or about November 27, 2019, MCM mailed Plaintiff a Notice of Motion ("Notice"), and Motion for Default and Judgment ("Motion") in the above referenced matter. (Exhibit A, Notice of Motion and Motion for Default and Judgment).

21. Plaintiff received the Notice and Motion thereafter, and reviewed and read the same.

22. The Notice and Motion conveyed information regarding the alleged debt to Plaintiff, including the identity of the original creditor and a balance on the alleged debt.

23. The Motion was thus a "communication" as that term is defined at 15 U.S.C. § 1692(a) of the FDCPA.

24. The Motion was not MCM's first communication with Plaintiff.

25. Neither the Notice nor the Motion stated or indicate that either was a communication from a debt collector.

26. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

5

> **. . . (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

27. MCM failed to indicate in a subsequent communication that a communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

28. Neither the Motion nor Notice was a formal pleading as defined under Rule 7 of the Federal Rules of Civil Procedure or Black's Law Dictionary.

29. Thus, neither the Notice nor the Motion is subject to any exception listed under the FDCPA. *See Heyer v. Pierce & Associates, P.C.*, 14 C 854, 2017 WL 75739, at *12 (N.D. Ill. Jan. 9, 2017) (analyzing absence of an e(11) disclosure in a Notice of Sale filed in an Illinois state court).

30. Plaintiff was unaware that the Notice and Motion were an attempt to collect a debt by a debt collector and was confused by said documents.

31. An unsophisticated consumer would not understand that said Motion and Notice were an attempt to collect a debt by a debt collector, and would be confused by said documents.

32. Plaintiff thought the documents were from a Court, partly because the top of the document reads "IN THE CIRCUIT COURT OF COOK COUNTY FIRST MUNICIPAL DISTRICT COOK COUNTY ILLINOIS", and because the documents didn't indicate that they were from a debt collector. An unsophisticated consumer would think the same.

33. The State Court Complaint includes an Affidavit which states in part that "The Court case is based on an unwritten contract, and attached is a copy of a document provided to

6

the consumer while the account was active, demonstrating that the consumer debt was incurred by the consumer. . .". (Exhibit B, Affidavit).

34. The Motion states in part that "Plaintiff's Complaint is supported by an Affidavit showing a balance due of $4,789.33, plus costs." (Exhibit A, Notice of Motion and Motion for Default and Judgment).

35. The Affidavit at issue, referenced by MCM, does not reference the word "costs". (Exhibit B, Affidavit).

36. The statement that "Plaintiff's Complaint is supported by an Affidavit showing a balance due of $4,789.33, plus costs." is false, as costs were not "due" when the Motion was mailed.

37. MCM sought to induce Plaintiff to believe that costs were already due when the Motion was served, and Plaintiff believed this statement to be true.

38. At the time the Motion was filed, no judgment had been awarded as to costs against Plaintiff.

39. Awarding costs is a matter committed to a judge's discretion, and even where judgment is entered against the consumer, "a judicial order is still necessary for a debt to arise." *Oberg v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 7369, 2015 U.S. Dist. LEXIS 172439, at *17 (N.D. Ill. Dec. 29, 2015).

40. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
> **(A) the character, amount, or legal status of any debt; or**

7

> **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.. . . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

41. MCM violated sections 1692e, 1692e(2), and 1692e(10) of the FDCPA because the money it demanded from Plaintiff was not already due and could not be lawfully received at the time the Notice and Motion were mailed, and MCM's statement that costs were due is thus false and deceptive.

42. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . .**

43. MCM violated section 1692f of the FDCPA because the money it demanded from Plaintiff as being already due, here "costs", was not authorized by law or the agreement creating the alleged debt, insofar as the debt did not arise by operation of law, since that would have required the entry of a judicial order commanding her to pay the costs. *Id.* at *16-17, citing *Shula v. Lawent*, 359 F.3d 489, 492 (7th Cir. 2004).

44. By telling Plaintiff that her balance included the court costs, MCM represented that she was already obligated to repay both the debt and court costs as they were already due. But Plaintiff was not legally required to pay the court costs, and as a reasonable, unsophisticated consumer, there is no reason she would have known as much when MCM served a Motion that indicated otherwise.

45. MCM's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

46. The FDCPA applies to conduct in state-court litigation, including in state-court pleadings. *Marquez v. Weinstein, Pinson, & Riley, P.S.,* 836 F.3d 808, 812 (7th Cir. 2016).

**COUNT I—CLASS COUNT—FAILURE TO ABIDE BY SECTION 1692E(11)— STATE COURT NOTICE AND MOTION**

47. Plaintiff realleges and incorporates by reference the paragraphs alleged above as if fully plead herein.

48. MCM violated 15 U.S.C. §1692e(11) by failing to disclose that a communication it made to Plaintiff, a "Motion for Default and Judgment" is from a debt collector.

49. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this action is brought on behalf of a class.

50 Exhibit A is form document.

51. The class consists of (a) all persons in Illinois (b) to whom MCM mailed or served a "Motion for Default and Judgment" (c) on behalf of Midland Funding, LLC (d) for the purpose of collecting a debt (e) where the Motion fails to disclose that it is a communication from a debt collector, and (f) where the Motion was mailed on or after November 13, 2019 and on or before November 13, 2020.

52. Plaintiff may alter the parameters of the classes to conform to discovery.

53. Based on the fact that debts are assigned to collection agencies in groups of debts of similar type and vintage and not individually, the class is so numerous that joinder of all members is impracticable.

54. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. A predominant common question includes whether MCM has a practice of failing to identify itself as a debt collector in motions that it files and serves upon consumers.

55. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual theories.

56. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

57. The class consists of more than 40 persons from whom MCM attempted to collect a defaulted consumer debt, on behalf of Midland Funding, LLC, by mailing to or serving the type of motion that was mailed and served on Plaintiff.

58. MCM mailed or served a motion in the form of that contained in Exhibit A to more than 40 persons in Illinois.

59. A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause MCM to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct. Congress contemplated class actions as a means of enforcing the FDCPA.

60. Plaintiff has hired counsel that have previously successfully obtained class certification in FDCPA class actions.

61. Plaintiff has hired counsel that have substantial experience in litigating FDCPA cases, including FDCPA cases seeking class relief.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's and the class members' favor, and against Defendant, as follows:

a. Statutory damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as is appropriate.

**COUNT II—CLASS COUNT—COSTS CLASS**

62. Plaintiff realleges and incorporates by reference the paragraphs alleged above as if fully plead herein.

63. MCM violated 15 U.S.C. §§ 1692e(2) and 1692f by misrepresenting that an affidavit attached to the State Court Complaint supports that costs sought from Plaintiff were already due and owing, and also by misrepresenting that costs were already due and owing from Plaintiff.

64. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this action is brought on behalf of a class.

65 Exhibit A is form document.

66. The class consists of (a) all persons in Illinois (b) to whom MCM mailed or served a "Motion for Default and Judgment" (c) on behalf of Midland Funding, LLC (d) for the purpose of collecting a debt (e) where the Motion states in part that "Plaintiff's Complaint is supported by an Affidavit showing a balance due of $_____, plus costs.", or words substantially similar, (f) where the Motion was mailed on or after November 13, 2019 and on or before November 13, 2020.

67. Plaintiff may alter the parameters of the classes to conform to discovery.

68. Based on the fact that debts are assigned to collection agencies in groups of debts of similar type and vintage and not individually, the class is so numerous that joinder of all members is impracticable.

69. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. A predominant common question includes whether MCM has a practice of falsely communicating that costs are due and owing and supported by an affidavit, in motions that it files and serves upon consumers.

70. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual theories.

71. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

72. The class consists of more than 40 persons from whom MCM attempted to collect a defaulted consumer debt, on behalf of Midland Funding, LLC, by mailing to or serving the type of motion that was mailed and served on Plaintiff.

73. MCM mailed or served a motion in the form of Exhibit A to more than 40 persons in Illinois.

74. A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause MCM to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct. Congress contemplated class actions as a means of enforcing the FDCPA.

75. Plaintiff has hired counsel that have previously successfully obtained class certification in FDCPA class actions.

76. Plaintiff has hired counsel that have substantial experience in litigating FDCPA cases, including FDCPA cases seeking class relief.

77. Midland Funding, LLC authorized MCM to take the actions it took against Plaintiff in connection with the collection of the alleged debt.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's and the class members' favor, and against Defendant, as follows:

a. Statutory damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as is appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/*Mario Kris Kasalo*
One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: s/ *Mario Kris Kasalo*
Mario Kris Kasalo